OPINION
CLAY, Circuit Judge.
Defendant, Stephen Allan Pritchard, appeals from an order imposing a sentence of fifty months’ incarceration. Defendant pled guilty and was convicted of one count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), in violation of 18 U.S.C. § 2423(b). In this appeal, Defendant raises a claim of ineffective assistance of counsel, an evidentiary claim related to the sentencing hearing, and several claims regarding the procedural and substantive reasonableness of the sentence imposed. For the reasons set forth below, we VACATE the sentence on procedural reasonableness grounds, REMAND for re-sentencing, AFFIRM the district court’s evidentiary ruling, and DEFER the ineffective assistance of counsel claim for collateral review so that a more complete record can be generated.
BACKGROUND
Defendant corresponded in an internet chat room with undercover FBI agents posing as a mother, “Lorie,” and her fourteen-year-old daughter, “Kayla.” He arranged to travel from his home in Indiana to Ohio to meet the pair and to engage in a sexual encounter with both of them. Defendant decided to cancel the first meeting he arranged the day before it was to occur because of his concerns about whether he would be willing to actually participate in the encounter. Defendant then decided to meet “Lorie” and “Kayla” in a restaurant parking lot and have dinner with them, supposedly to become more comfortable with the situation before committing. Defendant called on March 7, 2008, arranged a meeting, and drove to the location where he thought he would be meeting the two females. He was taken into custody by *435 FBI agents upon his arrival at the restaurant parking lot in Massillon, Ohio.
Defendant was charged in an April 9, 2008 indictment for the sole count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), in violation of 18 U.S.C. § 2423(b). Defendant entered a plea of not guilty on April 21, 2008, and then entered a plea of guilty in a May 6, 2008 change of plea hearing.
On September 3, 2008, Defendant filed a sentencing memorandum that included a request for leave to file a psychological report under seal. The report, prepared by James Orlando, Ph.D., was not included as an attachment, allegedly because the clerk of the court would not allow it to be filed under seal without a prior ruling by the court. At the sentencing hearing on September 10, 2008, the district court had not ruled on Defendant’s request for leave and stated that it had not seen Dr. Orlando’s report. Defendant was given the option of either admitting the report or having Dr. Orlando testify. Defense counsel chose to have the psychologist testify and use the report to refresh his recollections as necessary in lieu of having the report admitted.
Dr. Orlando testified at the sentencing hearing to several findings he made based on a four-hour session with Defendant. First, Dr. Orlando administered two common psychological tests used in diagnosing personality disorders — the Minnesota Mul-tiphasic Personality Inventory and the Mil-Ion Clinical Multiaxial Inventory. From those tests and his session with Defendant, Dr. Orlando concluded that Defendant had a very low risk of recidivism and was not suffering from pedophilia.[1] Instead, Dr. Orlando described the particular sexual paraphilia[2] that Defendant has as supposedly being sexually interested in the mother-daughter relationship, not about being sexually interested in a young or prepubescent daughter. Dr. Orlando further testified, upon questioning from the court, that Defendant allegedly showed he was concerned about the young age of the daughter by cancelling the first meeting, which Dr. Orlando thought further bolstered the conclusion that Defendant would be unlikely to re-offend. Dr. Orlando concluded that Defendant had a 6-7% chance of re-offending in the next five to fifteen years, which he thought was quite low. According to Dr. Orlando, Defendant would also be amenable to psychological treatment. Defense counsel, counsel for the government, and the sentencing judge questioned Dr. Orlando at length during the sentencing hearing. However, the district court made no findings of fact regarding Dr. Orlando’s testimony on the record.
*436 The government also introduced evidence that Defendant had admitted previous sexual conduct with children to a probation officer and in an instant messaging conversation. Defendant disputed the characterization of the instant messaging conversation, in which he had claimed to have had sex with an eleven-year-old because he alleged that he was also eleven at the time. The transcript of the conversation did not include his allegation that he told the other person that he was also eleven at the time, and the government argued that it was only told of this additional information after the change of plea hearing. Defendant was unable to retrieve a transcript of the instant messaging conversation from his computer that he alleged would have shown that when he boasted of having an encounter with the eleven-year-old, he also noted that he was eleven at the time.
The district court imposed a sentence of fifty months and concluded the sentencing hearing with the following explanation of the sentence:
THE COURT: In this case, I have set the offense level at 23, and the criminal history category at 1. I also considered the nature — Section 3553(a) factors.
First among those, I consider the nature and the circumstances of the offense. This did involve the Defendant’s attempt to solicit sex with a prepubescent minor through an Internet chat room. Conversations associated with that took place over a large number of dates, took place over a relatively significant period of time, also involved descriptions and solicitations that, you know, were completely offensive.
And so I find the nature and the circumstances of the offense suggest a sentence in the Guidelines, perhaps higher in the Guideline range.
I also consider your own history and characteristics. Especially work to your benefit, you’ve had a stable life, and you’ve had a higher level of education, but perhaps most important, you don’t have prior criminal record. Somewhat ameliorating this is the — some suggestion in the — the e-mails yourself that you did engage in this conduct before. That’s been denied, and it’s not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges.
I also consider the need for the sentence to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense. This conduct involved potential victimization of somebody that’s 14 years old. There’s — there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I’d find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.
I also consider the types of sentences available. Probation’s not available. The Guideline range is 46 to 57 months, together with supervised release following. There’s no issue of sentencing disparities. No issue of restitution.
So it’s going to be the conclusion of the Court that you be sentenced to a sentence within the Guideline range somewhat above the lower end of it. What I’m going to do is sentence you to a term of incarceration of 50 months, which is somewhat above the lower end. I pick that, mostly because of the nature of the offense itself. And I reduce it *437 somewhat from what it would have been to reflect the fact that you have had no prior criminal conduct.
(Dist.Ct.Doc. No. 47, Sen. Tr. 45-47). Defense counsel made no objections to the sentence after it was imposed, only asking for the court to recommend a particular location for imprisonment. This timely appeal followed.
DISCUSSION
I. Standard of Review
Ineffective assistance of counsel claims raised in a direct appeal are typically deferred to collateral review unless the constitutional infirmity is apparent on the record below. Massaro v. United States, 538 U.S. 500, 504-06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); United States v. Hill, 30 F.3d 48, 51 (6th Cir.1994). “Where the record is not adequately developed, the usual course is to defer consideration of the claim to post conviction proceedings under 28 U.S.C. § 2255.” United States v. Watkins, 509 F.3d 277, 283 (6th Cir.2007) (citing United States v. Gardner, 417 F.3d 541, 545 (6th Cir.2005)).
This Court reviews a district court order to exclude or admit evidence for an abuse of discretion. United States v. Young, 533 F.3d 453, 460 (6th Cir.2008). An abuse of discretion occurs when “the lower court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.” United States v. Heavrin, 330 F.3d 723, 727 (6th Cir.2003) (quoting United States v. True, 250 F.3d 410, 422 n. 9 (6th Cir.2001)).
Procedural objections must be explicitly raised in the district court in order to preserve them for reasonableness review under an abuse-of-discretion standard, and if they are not properly preserved then the sentence is reviewed for plain error. United States v. Vonner, 516 F.3d 382, 390-91 (6th Cir.2008) (en banc). Defendant did not make any objections to the sentence once imposed, thus, this Court reviews for plain error. Plain error review “[requires] that the error affect the defendant’s substantial rights[, which] ‘usually means that the error must have affected the outcome of the district court proceedings.’ ” United States v. McFalls, 592 F.3d 707, 711-12 (6th Cir.2010) (quoting United States v. Cotton, 535 U.S. 625, 632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)); see also United States v. Davis, 397 F.3d 340, 346 (6th Cir.2005). To find a plain error, this Court must find “(1) error (2) that was obvious or clear, (3) that affected defendant’s substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.” Vonner, 516 F.3d at 386 (internal quotations omitted).
This Court reviews sentences for substantive reasonableness using the abuse of discretion standard. There is a presumption of reasonableness for a within Guidelines sentence in this Circuit, but there is no corresponding “presumption against a sentence that falls outside of this range.” United States v. Herrera-Zuniga, 571 F.3d 568, 590 (6th Cir.2009). Accordingly, “while the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review- all sentences — whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard.” Id. at 590-91 (quoting Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)).
II. Analysis
A. Ineffective Assistance of Counsel
“In order to establish ineffective assistance of counsel, a defendant must demon *438 strate that ‘counsel’s representation fell below an objective standard of reasonableness,’ and that ‘the deficient performance prejudiced [his] defense.’ ” Johnson v. Sherry, 586 F.3d 439, 445 (6th Cir.2009) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Defendant’s claim of ineffective assistance of counsel is based on his counsel’s alleged deficiency in failing to have the psychological report admitted into evidence. First, Defendant argues that counsel filed the sentencing memorandum late, which left inadequate time for the district court to rule on the motion. Second, Defendant also argues that it was deficient to seek to file the psychological report under seal rather than simply admitting it as an attachment to the sentencing memorandum. However, since the report is not in the record, it is not possible for this Court to review whether counsel’s efforts were deficient or prejudicial. Defendant argues that the report would have offered “detailed information that could have greatly assisted the District Court’s understanding of [Defendant’s] situation.” (Appellant’s Br. at 21). But without the report, these allegations are without support, and the report would only be available as part of the record in a collateral attack as it was not admitted below. We, therefore, defer the issue of ineffective assistance of counsel to collateral review because the record is not complete without the psychological report at issue.
B. Admission of Psychological Evidence
Defendant argues that the district court should have admitted the report alongside Dr. Orlando’s testimony, rather than asking counsel to choose one or the other form of evidence. Defendant has pointed to no authority, and this Court has found none, suggesting that it is an abuse of discretion to allow expert testimony without also admitting the expert report. Dr. Orlando’s testimony was lengthy and covered the topics that Defendant argues would have been discussed in the report: Defendant’s “psychological state, risk of re-offending, and amenability for treatment.” (Appellant’s Br. at 22.) Additionally, Dr. Orlando had his report on the stand with him in order to refresh his recollection if needed and was therefore able to testify to the entire content of the report if defense counsel elicited such testimony.
We should note that admitting both the report and the testimony would have been the better practice for the district court, given the importance of this psychological evidence to Defendant’s primary arguments for a lower sentence. However, it was not an abuse of discretion for the district court to only admit the testimony of Dr. Orlando.
C. Procedural Reasonableness of Defendant’s Sentence
“A district court necessarily abuses its sentencing discretion if it ‘commit[s][a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.’ ” United States v. Bolds, 511 F.3d 568, 579 (6th Cir.2007) (quoting Gall, 552 U.S. at 51, 128 S.Ct. 586). A sentence is procedurally unreasonable if the district court fails to address a nonfrivolous argument made by the defendant in support of a lower sentence. United States v. Blackwell, 459 F.3d 739, 774 (6th Cir.2006) (“the *439 black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant”).
Failure to address a nonfrivolous argument is a reversible error even on plain error review. See United States v. Wallace, 597 F.3d 794, 802-08 (6th Cir.2010) (explaining how all four prongs of the plain error analysis are satisfied once the Court has determined that the district court’s explanation was insufficient). This Court in Wallace extended the analysis of United States v. Blackie, 548 F.3d 395 (6th Cir.2008), which held that failure to explain how a Defendant’s nonfrivolous argument for a lower sentence was taken into account in imposing an above-guidelines sentence, to cover within-guidelines sentences as well. Wallace, 597 F.3d at 806-07.[3] Criminal defendants have a substantial right to meaningful appellate review for reasonableness of their sentences, which can only be vindicated if the record in the district court clearly reflects the district judge’s consideration of all nonfrivolous arguments. Id. Under the logic of Wallace and the guidance from the Supreme Court in Rita v. United States that a within-guidelines sentence requires less detailed explanation, see 551 U.S. 338, 356-57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), a plain error for failure to address a nonfrivolous argument may arise less often in the context of within-guidelines sentences because the explanation required would be less detailed than for an above-guidelines sentence.[4] However, the record still must reflect that the district court understood and considered Defendant’s nonfrivolous arguments for a lower sentence, even if the explanation is more cursory than extensive. See Vonner, 516 F.3d at 387. *440 Therefore, if this Court determines that the district court failed to address a non-frivolous argument for a lower sentence made by Defendant, we would reverse and remand the sentence.
Defendant alleges two procedural errors. First, he alleges that the district court failed to address the psychologist’s testimony supporting Defendant’s argument that he was not diagnosed with pedophilia and has a low risk of recidivism. Second, he alleges that the district court presumed that Defendant had engaged in past pedophilic activities without support for that finding in the record. This second error may also be a substantive error, and to the extent that it is such, it will be addressed in the following section. Defendant makes no other procedural challenge in his appeal, and this Court has found no other procedural error in reviewing the record.
The district court did not make any specific mention of the evidence presented in Dr. Orlando’s testimony regarding Defendant’s likelihood of re-offending. There was some mention of whether Defendant is a pedophile when the district court stated:
This conduct involved potential victimization of somebody that’s 14 years old. There’s — there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I’d find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.
(Dist. Ct. Doc. No. 47, Sen. Tr. at 46). However, this explanation does not appear to be addressing the psychologist’s testimony concerning Defendant’s lack of sexual attraction to minors in particular or Defendant’s lower risk of re-offending, but rather discusses whether the fact that the hypothetical victim was fourteen is a less serious offense than if Defendant was to meet a younger child.[5]
The district court made no findings of fact regarding the expert testimony prior to or during his explanation of the sentence imposed. While the district court did engage in questioning of the psychologist, there is no reference in. his explanation of the sentence to that testimony and whether the testimony was given weight in crafting Defendant’s sentence. Defendant’s arguments that he does not suffer from pedophilia, is not specifically attracted to underage daughters, and is unlikely to re-offend are not frivolous arguments. These arguments go to the core of the § 3553(a) factors, especially the history and characteristics of the Defendant. He was entitled to have the district court clearly, even if briefly, explain on the record how his primary argument for a lower sentence affected the district court’s decision to impose a within-guidelines sentence of 50 months.
*441 There is no evidence in the record that the district court “listened to each argument, considered the supporting evidence, was fully aware of the defendant’s circumstances and took them into account in sentencing him,” with regard to Dr. Orlando’s testimony. United States v. Gapinski, 561 F.3d 467, 474 (6th Cir.2009) (citing Vonner, 516 F.3d at 387; Rita, 551 U.S. at 358, 127 S.Ct. 2456) (internal quotations omitted). Defendant’s primary argument for a lower sentence was Dr. Orlando’s finding that he had a low risk of recidivism, which is related to Dr. Orlando’s opinion that Defendant does not suffer from pedophilia and that he is attracted to mother-daughter pairs, not specifically to underage[1] victims. The record is devoid of any evidence that the district court understood and responded to the crux of Dr. Orlando’s testimony, especially since the questions asked by the court and the explanation offered by the district court both focused on the age of the hypothetical victim as being outside the norm rather than the psychologist’s focus on the type of relationship targeted by Defendant as being outside the norm.
Failure to address Defendant’s primary argument for a lower sentence, especially the connection between his lack of sexual attraction specifically targeting underage victims to his low risk of recidivism, is a plain error. See Wallace, 597 F.3d at 806 (“This failure to even acknowledge Defendant’s argument mandates remand in this case.”). Though the district court did not need to give a lengthy explanation, it was error for the district judge to fail to address Defendant’s recidivism argument when explaining the sentence imposed. Because our case law is clear that the sentencing judge must explicitly address each of Defendant’s nonfrivolous claims on the record, the procedural error is a clear error. Defendant has a substantial right to meaningful appellate review that necessitates development of a full record below, which is not available here because of the sentencing judge’s failure to address the psychological evidence. See Blackie, 548 F.3d at 402 (finding failure to address Defendant’s nonfrivolous arguments to implicate a substantial right, therefore being plain error). Therefore, the sentence should be vacated and remanded for resen-tencing due to this procedural error.
Defendant’s second argument regarding the district court’s alleged presumption that he had committed prior pedophilic acts is unsupported by the record. The pertinent section of the sentencing judge’s comments is as follows:
Somewhat ameliorating this is the— some suggestion in the — the e-mails yourself that you did engage in this conduct before. That’s been denied, and it’s not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges.
(Dist. Ct. Doc. No. 47, Sen. Tr. at 46). These comments refer to the Defendant’s alleged statement in an internet chat room that he had a sexual encounter with an eleven-year-old, which he later claimed was when he also was eleven. It appears from the sentencing judge’s comments that it concerned the district court that Defendant had boasted of a sexual encounter and implied it was a pedophilic encounter, and the fact that it supposedly happened when Defendant was eleven did not ameliorate the district court’s concern. There was evidence in the record that the conversation did not include Defendant telling the chat room that he was also eleven at the time, and thus it was reasonable for the district judge to credit the transcript of the conversation more than Defendant’s after-the-fact allegation regarding his age. See United States v. Gates, 461 F.3d 703, 708 (6th Cir.2006) (judicial fact finding for *442 sentencing purposes requires a preponderance of the evidence). Therefore, the district court did not commit a procedural error regarding Defendant’s alleged statements that he had previously engaged in pedophilic activities.
The district court’s failure to make any findings regarding the psychologist’s testimony, and therefore failure to address Defendant’s arguments that he is not a pedophile and is unlikely to re-offend, was a procedural error. It is reasonably likely that had the district court addressed the psychologist’s testimony, the result of the sentencing may have been different. Regardless, it is clear that the law of the Circuit requires district judges to respond to all nonfrivolous arguments, implicating Defendant’s substantial right to meaningful appellate review. Therefore, it was plain error to fail to do so, especially since the psychologist had testified mere moments before the court began explaining its sentence.
D. Substantive Reasonableness of Defendant’s Sentence
“A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.” United States v. Benson, 591 F.3d 491, 500 (6th Cir.2010) (quoting United States v. Collington, 461 F.3d 805, 808 (6th Cir.2006)). Defendant argues that the district court failed to consider whether the sentence imposed is greater than necessary to achieve the objectives of the factors set forth in 18 U.S.C. § 3553(a). He also argues that the district court’s presumption of past pedo-philic activities resulted in the district court either weighing impermissible factors or placing too much weight on one factor.
Because we vacate the sentence on procedural grounds, this Court declines to address Defendant’s arguments regarding thé substantive reasonableness of his sentence.
CONCLUSION
For the reasons set forth above, we DEFER the issue of ineffective assistance of counsel to habeas or other collateral review, AFFIRM the district court’s ruling regarding the admissibility of the expert testimony in lieu of both the report and the testimony, VACATE the sentence for failure to address Defendant’s argument for a lower sentence, and REMAND for re-sentencing.

. Dr. Orlando did not testify, and was not questioned, as to the definition of pedophilia. According to the accepted definition in psychiatry and psychology, pedophilia is characterized by either intense sexually arousing fantasies, urges, or behaviors involving "sexual activity with a prepubescent child (generally age 13 years or younger).” Diagnostic and Statistical Manual of Mental Disorders, Text Revision, at 571 (4th ed.2000). To be considered for this diagnosis, the "individual with Pedophilia must be at least 16 years or older and at least 5 years older than the child." Id.

. Again, Dr. Orlando did not testify to the definition of paraphilia. However, we take judicial notice that paraphilia is the general term in psychology and psychiatry for abnormal sexual preferences. "The essential features of a Paraphilia are recurrent, intense sexually arousing fantastic, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one’s partner, or 3) children or other nonconsenting persons that occur over a period of at least 6 months." Diagnostic and Statistical Manual of Mental Disorders, Text Revision, at 566 (4th ed.2000).

. Contrary to the dissent's assertion, Wallace is fully consistent with Vonner and so is binding on this Court as a prior published decision. See Gor v. Holder, 607 F.3d 180, 188 (6th Cir.2010). This Court's opinion in Wallace specifically addresses each of the arguments made here in the dissent regarding both Vonner and the distinction between the required depth of explanation for a within-guidelines sentence versus an outside-guidelines sentence. See Wallace, 597 F.3d at 804-808. Other published decisions of this Court post-Vonner also support our view of plain error for failure to explain in this case. See United States v. Barahona-Montenegro, 565 F.3d 980, 984 (6th Cir.2009). Even United States v. Simmons, 587 F.3d 348 (6th Cir.2009), may be understood to support our view in this case since the reasoning of the majority in Simmons relied on the conceptual simplicity of the defendant’s argument, whereas here the psychologist’s testimony presented a complex argument for how he arrived at the conclusion that Defendant was unlikely to re-offend. Simmons, 587 F.3d at 361; see also Wallace, 597 F.3d at 810 (McKeague, J. dissenting) ("Considering the simplicity and straightforwardness of Wallace’s argument, it is clear that the district court considered it and intentionally rejected it"). We will not relitígate Wallace here, despite the dissent's attempt to do so. Only the en banc court or the Supreme Court may overrule this Court’s binding precedent in Wallace, and until such time as either Court sees fit to do so, this panel is bound by the precedent in Wallace and its reasoning regarding plain error review of sentences where defendants argue that the district court failed to explain its reasons for rejecting a nonfrivolous argument for a reduced sentence. See Gor, 607 F.3d at 188.

. The dissent essentially argues that Vonner forecloses finding a plain error for failure to address an argument made by Defendant for a lower sentence when reviewing a within-guidelines sentence. See 516 F.3d at 387. However, as both Vonner and Wallace instruct this Court, the "crucial question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant’s circumstances and took them into account in sentencing him.” Wallace, 597 F.3d at 804 (quoting Vonner, 516 F.3d at 387) (internal quotation marks omitted). Our analysis asks no more of the district court in this case.

. The dissent apparently finds this cursory mention of testimony about the age of the victim to be an explanation of how the district court weighed Dr. Orlando’s testimony. But in no way is it clear from this statement that the court was addressing tire expert’s full argument that, not only the age of the hypothetical victim, but also the fact that Defendant was not particularly attracted to minors so much as to the mother-daughter relationship, was directly related to a lower likelihood of recidivism. Dr. Orlando testified that Defendant was wary of the daughter’s young age and cancelled the first meeting, which further bolstered the conclusion that Defendant was unlikely to re-offend. The district court does not address any aspect of Defendant’s primary argument beyond the age of the hypothetical victim.

. See U.S.S.G. ch. 5, pt. A (Sentencing Table) (2007).