NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0633n.06

**No. 10-4571**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Aug 29, 2011***

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN ALLAN PRITCHARD, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: COLE, ROGERS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Defendant Stephen Pritchard appeals for the second time his sentence of fifty-months' imprisonment, arguing that it is procedurally and substantively unreasonable. We disagree and affirm.

I.

Pritchard pled guilty to one count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). *See United States v. Pritchard*, 392 F. App'x 433, 435 (6th Cir. 2010). The district court imposed a sentence of fifty months' imprisonment followed by five years of supervised release. *Id.* at 444. Pritchard appealed his sentence to this court, arguing that his counsel was constitutionally ineffective, that there was an evidentiary error at the sentencing hearing, and that his sentence was

both procedurally and substantively unreasonable. *Id.* at 434. This court vacated Pritchard's sentence on procedural reasonableness grounds and remanded for resentencing. *Id.* The panel majority concluded that the district court erroneously ignored a nonfrivolous argument in favor of a lower sentence when it failed to address Dr. Orlando's testimony that Pritchard posed "a low risk of recidivism[.]" *Id.* at 441, 445 (citations and internal quotation marks omitted). This court also affirmed the district court's evidentiary ruling and deferred the ineffective assistance of counsel claim for collateral review. On remand, the district court held a resentencing hearing and subsequently imposed the same sentence. Pritchard timely appeals.

II.

Pritchard now argues that his new sentence is unreasonable. He contends that it is procedurally unreasonable because, once again, "the District Court failed to address all of [his] nonfrivolous arguments for a lower sentence when it did not seriously address [his] diagnosed very low risk of recidivism" and "based its sentencing decision on clearly erroneous facts, to wit, the incorrect assumption that [he] is a pedophile." He asserts that it is substantively unreasonable because the district court placed "an unreasonable amount of weight on the retribution factor [in setting his] sentence." Should he prevail, Pritchard also claims that a different judge should be assigned to conduct the resentencing because the district judge "has repeatedly adhered to an erroneous view of the facts and factors surrounding [his] sentence, has shown a bias against offenders of [his] type, has demonstrated distain [sic] for the sentencing guidelines adopted by Congress, and has indicated its disagreement with the ruling of this Court in [his] re-sentencing

hearing." We address each of these arguments in turn.

A.

The touchstone of appellate review of a district court's sentencing decision is reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). Such challenges are generally reviewed for an abuse of discretion. *Gall*, 552 U.S. at 51; *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). However, where, as here, a defendant fails to lodge an objection at the end of the sentencing hearing in response to a properly worded invitation from the district court in compliance with *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), we review a defendant's challenge to the court's explanation for the sentence selected only for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). Plain error exists where there is (1) error, (2) that was obvious or clear, (3) that affected a defendant's substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 386; *see also United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010).

Pritchard first argues that "[t]he District Court committed plain error when it . . . . did not seriously address [his] diagnosed very low risk of recidivism" and thus "gave the appearance, if not the reality, of doing nothing more than trying to justify the earlier sentence it had previously imposed." We disagree. The district court did not fail to consider Pritchard's argument; it simply disagreed that Pritchard was at a low risk for reoffending. The court cited parts of Dr. Orlando's report that it felt were not "consistent" with the conclusion that Pritchard was unlikely to reoffend.

It noted Dr. Orlando's observations that Pritchard: "is self-centered, aloof, and a controlling individual whose emotional maturity is significantly lower than his average intellectual functioning"; "is socially naive, cognitively rigid, and has difficulty experiencing empathy for others"; "has a long history of alcohol abuse"; that "[d]espite his deeply engrained personality problems, he has little insight into his psychological problems"; and that he "has been obsessed with sexual activity and pornography, and over the years his unconventional thinking has led to a desire for increasingly deviant sexual stimuli." Ultimately, the district court concluded that "I think [Pritchard] does pose a risk of reoffense because of his to this point unrecognized and untreated sexual problems." On this record, we reject the assertion that the district court did not "make any specific mention of the evidence presented in Dr. Orlando's testimony regarding [Pritchard's] likelihood of re-offending" or "'listen[] to [the] argument, consider[] the supporting evidence, [and take] defendant's circumstances . . . into account in sentencing him,' with regard to Dr. Orlando's testimony." *Cf. Pritchard*, 392 F. App'x at 440-41. On resentencing, the district court plainly did listen to Pritchard's argument that he was unlikely to reoffend, and it made clear why it reasonably rejected that argument. The law requires nothing more. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). Accordingly, on resentencing, there was no error, let alone plain error.

Pritchard also argues that his sentence is procedurally unreasonable because the district court relied on a clearly erroneous fact. Specifically, Pritchard asserts that the district court's statement that "I think Orlando's report does have some indication that [Pritchard] was attracted to prepubescent minors[,]" was clearly erroneous because Dr. Orlando concluded "that Appellant did

not suffer from pedophilia[.]" (citation and internal quotation marks omitted). This argument is unpersuasive. There was sufficient evidence in the record for the district court to conclude that Pritchard was attracted to prepubescent minors – namely, Pritchard's statement in an internet chat room that he had a sexual encounter with an eleven-year-old. *See Pritchard*, 392 F. App'x at 442 (holding that "the district court did not commit a procedural error regarding [Pritchard's] alleged statements that he had previously engaged in pedophilic activities."). The district court's apparent misstatement regarding the source of that evidence during Pritchard's resentencing hearing does not make the relevant fact clearly erroneous. We therefore reject Pritchard's claim that his sentence is procedurally unreasonable for that reason.

B.

Next, Pritchard argues that his sentence is substantively unreasonable because the district court gave an "unreasonable amount of weight to the retributive factor when it imposed its sentence upon [him]." While a sentence "may be considered substantively unreasonable when the district court . . . gives an unreasonable amount of weight to any pertinent factor," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008), district courts are not required to give each of the 18 U.S.C. § 3553(a) factors equal weight. *See, e.g., United States v. Arias-Arrazola*, 254 F. App'x 500, 503 (6th Cir. 2007) (noting that § 3553(a) "says that the factors must all be considered, not that they must be considered with equal weight"); *United States v. Benson*, 195 F. App'x 414, 417 (6th Cir. 2006). Additionally, we afford a rebuttable presumption of substantive reasonableness to a properly calculated, within-Guidelines sentence. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir.

2008); *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (citing *United States v. Vonner*, 516 F.3d 382, 410-11 (6th Cir. 2008) (en banc)). "[W]e cannot reverse a sentence simply because we determine that a different sentence would be appropriate." *United States v. Higgins*, 557 F.3d 381, 398 (6th Cir. 2009).

Pritchard has failed to rebut the presumption of substantive reasonableness. It is true, as Pritchard notes, that the district judge opined at the resentencing hearing that "retribution" or "just punishment" is the "largest purpose for sentencing generally, and it is in this case." However, this does not mean that the district court gave this factor unreasonable weight. The district court found that Pritchard's offense was "more serious" than a similar offense with a higher Guideline's sentencing range. And it considered the nature and circumstances of the instant offense, Pritchard's history and characteristics, and the need for the sentence to afford adequate deterrence, protect the public, and improve Pritchard's conduct and condition. The district court's balancing of the § 3553(a) factors in this case did not render Pritchard's lower-end-of-the-Guideline's-range sentence of fifty-months' imprisonment substantively unreasonable. *Cf. generally United States v. Paull*, 551 F.3d 516, 529 (6th Cir. 2009) ("[T]his analysis of the considerations the court found most important – the defendant's circumstances and the seriousness of the crime – is just the sort of balancing a sentencing court should be doing.").

C.

Having determined that Pritchard's sentence is reasonable, we conclude that his claim that he should be resentenced by a different judge is moot.

III.

For these reasons, we affirm the judgment of the district court.