NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0191n.06

Case No. 20-1550

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td>)</td><td rowspan="6"></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
</table>

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) |
| JORDAN C. WHEELER, | ) |
| Defendant-Appellant. | ) |
|  | ) |

FILED
Apr 15, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

**O P I N I O N**

**BEFORE: CLAY, SUTTON, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** After admitting to sexually exploiting two children in his care and distributing videos of his sexual abuse, Jordan Wheeler pled guilty to the production of child pornography. The district court sentenced Wheeler to the Guidelines sentence of 360 months' imprisonment, the statutory maximum for his crimes. Wheeler appeals, claiming both procedural and substantive errors in his sentence. First, Wheeler argues that the district court erroneously found that Wheeler was a high risk to recidivate despite a psychological evaluation that reached a different conclusion. Next, Wheeler argues that the district court failed to consider two of his arguments for a downward variance. And finally, Wheeler argues that district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors by giving too much weight to the protection of the public and too little weight to the other factors.

We find these arguments to be without merit and **AFFIRM** Wheeler's sentence.

**I**

In late October 2019, FBI agents were interviewing a subject in a different investigation who said that he had spoken to Jordan Wheeler about sexually exploiting young children. Wheeler had told the subject that he had molested a young boy, later identified as Wheeler's son, and sent the subject two videos depicting child abuse. On October 30, 2019, FBI agents executed a search warrant at Wheeler's home, seized a laptop and tablet that contained child pornography, and arrested Wheeler. After Wheeler was arrested, he spoke to the agents and told them that he developed an interest in child pornography in 2005, when he was 16 years old, and that he stopped looking at it for a while but began again in 2010. Through a written statement and multiple interviews with law enforcement, Wheeler detailed the sexual abuse of his nephew and son as well as his history of creating and downloading child pornography and exchanging child pornography with others.

On November 20, 2019, a grand jury indicted Wheeler for violations of 18 U.S.C. §§ 2251, 2252A, and 2256, for one count of production of child pornography, one count of distribution of child pornography, and one count of receipt of child pornography. On January 13, 2020, pursuant to a plea agreement, Wheeler pled guilty to production of child pornography in exchange for dismissal of the other two counts.

The probation officer calculated Wheeler's total offense level at 43 with a criminal history category of I, resulting in an advisory Guidelines sentence of the statutory maximum term of 360 months' imprisonment. At the sentencing hearing, after addressing Wheeler's arguments for a downward variance and considering the § 3553(a) factors, the district court sentenced Wheeler to

360 months' imprisonment. After announcing the sentence, the court asked if there were any objections from the defense, and there were none.

This appeal followed.

**II**

We review sentences, whether within or outside of the advisory Guidelines range, for an abuse of discretion. *United States v. Fleischer*, 971 F.3d 559, 567 (6th Cir. 2020); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). After announcing its sentence, a district court must "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). If a defendant does not raise a procedural objection at that time, an appeal on that objection is reviewed only for plain error. *Id.* at 872–73; *see also United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). Plain error exists only where a defendant demonstrates "(1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Review comes in two stages: first, we determine whether the sentence was procedurally reasonable by examining whether "the trial court follow[ed] proper procedures and [gave] adequate consideration to [the 18 U.S.C. § 3553(a)] factors." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020)). Next, we presume that a within-Guidelines sentence is substantively reasonable, and

review to ensure that it was not "selected arbitrarily" or "based on impermissible factors," as well as to ensure that the district court did not "fail[] to consider a relevant sentencing factor" or give "an unreasonable amount of weight to any pertinent factor." *United States v. Rosenbaum*, 585 F.3d 259, 267 (6th Cir. 2009) (citing *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). "In short, procedural review of a sentence concerns the propriety of the factors that go into a sentence; substantive review assesses the reasonableness of the sentence that results." *Perez-Rodriguez*, 960 F.3d at 753.

Wheeler makes three arguments regarding his sentence, two procedural and one substantive. We address each argument in turn.

*A. Risk of Recidivism*

First, Wheeler claims that the district court erred by finding that he was a high risk to recidivate despite Wheeler providing a psychological evaluation that concluded he was only an average risk to recidivate. Wheeler claims that this finding regarding his risk of recidivism led the court to fail to adequately consider the other § 3553(a) factors. Wheeler didn't raise these arguments below, so they're reviewed for plain error. *See Bostic*, 371 F.3d at 873.

Wheeler's sentencing memorandum argued that he was only an "average" risk for recidivism and provided a psychological evaluation to support that conclusion. The district court viewed Wheeler's risk differently, stating that "as to the conclusion [of average risk] I just disagree." Wheeler claims that disregarding the expert report's conclusion and finding that Wheeler had a high risk of recidivism was a clearly erroneous finding of fact. Not so. District courts are not bound by conclusions contained within expert reports at sentencing. *See United*

*States v. Bell*, 385 F. App'x 448, 453 (6th Cir. 2010) (upholding a district court's decision to "carefully consider[]" a defendant's expert report before "decid[ing] to reject it").

And here, the district court extensively explained why it disagreed with the expert report. First, the court discussed the graphic nature of Wheeler's offenses, the sexual abuse of his son and nephew, and his thousands of searches related to child pornography. Next, the court noted that the report indicated that Wheeler's "responses indicate an immature and impulsive personality with little genuine guilt over his present behavior" and that Wheeler "feels that he's been unjustly blamed for others' problems and gotten a raw deal." The court thought that the expert report failed to fully account for those statements, combined with Wheeler's significant offenses, in the report's analysis of Wheeler's recidivism risk. Therefore, after reviewing the facts from the report as well as everything else that had been presented to the district court, it found Wheeler was "a significant risk for recidivist behavior." Procedural reasonableness requires that district court address expert reports at sentencing, *see United States v. Pritchard*, 392 F. App'x 433, 440–41 (6th Cir. 2010) (reversing and remanding for resentencing when a district court entirely failed to address an expert's conclusion regarding the likelihood of recidivism), but not that they take conclusions from those reports as dispositive. To reverse on clear error, we must believe that the conclusion the district court drew regarding Wheeler's risk of recidivism was "against the clear weight of the evidence." *United States v. Domenech*, 675 F. App'x 519, 524–25 (6th Cir. 2017) (quoting *Smith v. Fireman's Fund. Ins. Co.*, 16 F.3d 1221, at *3 (6th Cir. 1994) (per curiam) (table)). The district court's thorough explanation of how it reached a different conclusion than the expert was sufficient, so there was no error here.

Furthermore, the record contradicts Wheeler's argument that the district court failed to consider the other § 3553(a) factors because of its conclusion regarding Wheeler's risk of recidivism. The district court announced it would examine all the § 3553(a) factors and focused on the seriousness of Wheeler's offense, the need to protect the public, and the need to promote respect for the law. The district court discussed Wheeler's mental health and medical issues, as well as his positive achievements in his employment and the community, but noted they didn't offset "the seriousness of the offense behavior here" and "the impact on the victim." Viewed as a whole, the record shows a detailed, careful consideration of Wheeler's individual circumstances, and that "personalized assessment by the district court is just the sort of consideration required by § 3553(a)." *United States v. Cunningham*, 669 F.3d 723, 731 (6th Cir. 2012). There was no plain procedural error here.

### B. Downward Variance

Next, Wheeler argues that the district court failed to address two of his arguments for a downward variance. When a defendant raises a nonfrivolous argument for a lower sentence, "the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (quoting *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009)). Like his first claim, Wheeler did not raise this argument below and so we review it for plain error. *See Bostic*, 371 F.3d at 873. Wheeler's two arguments for a variance were that the child-pornography Guidelines are overly punitive and not based on empirical evidence, and that Wheeler could reduce his risk of recidivism through treatment and therefore deserved a lower sentence.

Contrary to Wheeler's claims, the district court addressed both of Wheeler's arguments at sentencing and found them unavailing. The district court examined the punitive nature of the child pornography Guidelines and their specific application to Wheeler's case. The court noted that the Guidelines "are certainly punitive" and that he would "sometimes vary" when they resulted in a "seemingly arbitrary pathway[] up to" a high sentence. But the court made clear that it saw this case differently. This was not a "more traditional child pornography case where the main offense . . . is gathering, viewing, and distributing child pornography." Instead, it was "sexual exploitation of a child . . . who is in the care and custody" of Wheeler as well as the distribution of images of that abuse to "over 20 people at least." The district court addressed whether the Guidelines were overly punitive in Wheeler's case and determined they "appropriately reflect[ed] the nature of" his conviction, so Wheeler cannot show plain error on this ground.

Similarly, the district court addressed Wheeler's claim that he could reduce his risk of recidivism through treatment. The court agreed that Wheeler would benefit from treatment, finding that Wheeler was "certainly a person in need of significant treatment" and that the court would "recommend appropriate sex offender assessment and treatment as well as overall mental health assessment and treatment." Simply put, the district court considered Wheeler's need for treatment but concluded it did not warrant a downward variance from the Guidelines sentence. The record is clear that the court "listened to" Wheeler's argument, "considered the supporting evidence," and took that information "into account in sentencing him." *Vonner*, 516 F.3d at 387 (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). Wheeler cannot show plain error here.

C. *Substantive Reasonableness*

Finally, Wheeler challenges the substantive reasonableness of his sentence by claiming that the district court unreasonably focused on the protection of the public to the exclusion of the other § 3553(a) factors. His support for this argument is that his "sentence is far too long" because it was at the statutory maximum, which undermined a "principle of proportionality" by leaving "no room" for giving other offenders a higher sentence. This argument misunderstands how sentencing operates. Despite Wheeler's lack of criminal history, the seriousness of his offense gave him a Guideline sentence at the statutory maximum of 360 months' imprisonment. And "[s]entences within a defendant's Guidelines range are presumptively substantively reasonable." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). An argument that a Guidelines sentence is too long because it is at the statutory maximum cannot rebut that presumption. Wheeler suggests that because he was "not the worst offender that could have come before the court," a sentence below the statutory maximum was warranted. In other words, Wheeler argues that the district court should have balanced the § 3553(a) factors differently. Such an argument is "simply beyond the scope of our appellate review." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). Wheeler has shown no error here.

**III**

We **AFFIRM** the sentence of the district court.