**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0220n.06

No. 09-2146

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 08, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
    Plaintiff-Appellee,             )
                                        )     ON APPEAL FROM THE UNITED
v.                                      )     STATES DISTRICT COURT FOR THE
                                        )     EASTERN DISTRICT OF MICHIGAN
ROBERT M. PIZZINO,                      )
                                        )
    Defendant-Appellant.            )


Before: SUHRHEINRICH, COLE, and COOK, Circuit Judges.


COOK, Circuit Judge. In 2009, Defendant Robert Michael Pizzino pleaded guilty to distributing child pornography and received a 180-month sentence. He now challenges this sentence on several grounds. Because we find that the district court failed to address Pizzino's nonfrivolous arguments for leniency, we vacate his sentence and remand for resentencing.


I. Background


In early 2008, FBI agents executed a search warrant of Pizzino's home and seized his personal computer. Their forensic examination uncovered eighty-seven photos and twenty-two videos of child pornography, some of which depicted sadomasochistic violence and involved prepubescent minors. Pizzino admitted to obtaining the material through LimeWire, a file-sharing program that allowed him to download files in exchange for giving other users access to his computer's contents. Acting on the FBI's investigation results, the government filed an information charging Pizzino with distributing child pornography. Pizzino pleaded guilty.

During sentencing, the court started with a base offense level of twenty-two and, over defense counsel's objections, applied four enhancements: (1) two levels for distribution, (2) two levels for possession of material involving a prepubescent minor, (3) four levels for possession of material depicting violent or sadomasochistic behavior, and (4) five levels for possession of 600 or more images.[1] The court then applied a three-level reduction for acceptance of responsibility but rejected Pizzino's requests for unintentional-distribution and mitigating-minor-role reductions. After employing these departures, the court arrived at an offense level of thirty-four and, applying Pizzino's one criminal history point, calculated a Guidelines range of 151 to 188 months. It sentenced Pizzino to 180 months' imprisonment. He now appeals.

## II. Analysis

An appellate court reviews a district court's sentencing under a two-part test:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed . . . .

---

[1]*See* U.S.S.G. § 2G2.2 cmt. n.4 (explaining that when courts account for pornographic materials other than images, "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images"). Pizzino's twenty-two videos and eighty-seven photos thus equate to 1,737 images.

*Gall v. United States*, 552 U.S. 38, 51 (2007). Because the district court failed to solicit additional post-sentencing objections, Pizzino preserves his procedural claims on appeal. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). We therefore review both the procedural and substantive aspects of the sentence "under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41.[2]

## A. Alleged Procedural Errors

Pizzino asserts that the sentencing court committed the following procedural errors: (1) miscalculating the Guidelines range; (2) treating the Guidelines as mandatory, or, alternatively, presumptively reasonable; (3) failing to consider the § 3553(a) factors; and (4) failing to address his arguments for a lower sentence.

### 1.

Pizzino claims that the court miscalculated the Guidelines range by applying unmerited enhancements and denying valid reductions. "This Court reviews a district court's legal conclusions

---

[2]A sentencing court's procedural error is abuse of discretion per se, inasmuch as it applied the law improperly. *See United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003). "[S]ubstantive review is 'far more ambiguous—[substantive error] is an error so serious that the decision is not entitled to deference, just as if the court had relied on a clearly erroneous finding of fact, clearly misapplied the law[,] or applied the wrong law.'" *United States v. Nelson*, 296 F. App'x 475, 481 (6th Cir. 2008) (citation omitted).

regarding the Sentencing Guidelines *de novo*" and its "factual findings in applying the Sentencing Guidelines for clear error."[3] *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).

Pizzino first challenges the court's use of judicially found facts—in particular, its reliance on the presentence report ("PSR") to determine the number and type of images involved—in granting upward sentencing departures. Pizzino cites two cases as grounds for his contention: *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and *United States v. Booker*, 543 U.S. 220, 244 (2005) (affirming *Apprendi*). Yet "this court and others have repeatedly held . . . that district judges can find the facts necessary to calculate the appropriate Guidelines range" and may "rel[y] on the PSR to determine the facts." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 110 (2007), *as recognized in United States v. Camacho-Arellano*, 614 F.3d 244, 248–49 (6th Cir. 2010). The district court thus permissibly consulted the PSR to find facts and apply sentencing enhancements.

Next, Pizzino contends that the court should not have applied § 2G2.2(b)(3)'s two-level enhancement for distribution, since "he did not 'distribute' the materials, but merely possessed them." In the alternative, he claims that even if he did distribute pornographic materials, he did so accidentally, triggering § 2G2.2(b)(1)(C)'s two-level reduction for unintentional distribution. In a

---

[3]"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

highly analogous case, *United States v. Darway*, we determined that making material available on

the LimeWire server for public viewing constitutes "distribution" under § 2G2.2(b)(3). 255 F.

App'x 68, 71–72 (6th Cir. 2007). Moreover, Pizzino's own admissions demonstrate that he acted

intentionally. During his interview with FBI agents, Pizzino stated that "he understood that he had

to share the images of child pornography to receive them." Though "at one point he disabled the

download option, preventing other users from downloading child pornography from his computer,"

as soon as Pizzino realized that disabling this option prevented him from accessing others' shared

pornographic materials, he "re-configured his computer to continue to allow downloads from his

computer." The court thus properly applied the distribution enhancement while denying the

unintentional-distribution reduction.

Finally, Pizzino argues that the court erred in denying him a mitigating-minor-role reduction.[4]

Section 3B1.2 allows for a two-level adjustment of a defendant's sentence if he can show by a

preponderance of the evidence that he was a "minor" participant in the criminal activity. *See United*

*States v. Bailey*, 488 F.3d 363, 369–70 (6th Cir. 2007). The § 3B1.2 reduction applies to defendants

who are "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A).

Though Pizzino argues that "there was no 'uploading,'" and "his downloading was only for

---

[4]In defense of his position, Pizzino relies on *United States v. Groenendal*, 557 F.3d 419 (6th
Cir. 2009). That case is inapposite. Although *Groenendal* discussed the applicability of § 3B1.2
reductions in child pornography cases, it said nothing about whether any particular distributor of
child pornography would be entitled to the reduction. Instead, the panel held that a sentencing court
"err[s] by not considering a reduction under § 3B1.2" if the sole grounds for such refusal is that the
charged offense involved but one participant. *Id*. at 426–28. In the instant case, the court *did*
consider the reduction, but decided that Pizzino's actions precluded it.

private/personal utilization," he makes no showing that he is less culpable than the average distributor of child pornography. As the government noted, "[Pizzino] . . . consistently downloaded significant amounts of information and videos and spent a lot of time bringing it in." The amount of pornographic material on his computer supports this statement. The court did not abuse its discretion in disallowing Pizzino a § 3B1.2 reduction.

2.

Pizzino next faults the court for treating the Guidelines as mandatory rather than advisory. *See Gall*, 552 U.S. at 51. Alternatively, he claims that the court treated a Guidelines-range sentence as presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 351 (2007). We assume that the sentencing court correctly understood its discretionary authority under the Guidelines, absent clear evidence in the record to the contrary. *See, e.g.*, *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002) (applying this "record test" to determine whether the district court understood its authority to depart from the Guidelines). Conversely, "mere conjecture that the district court may have felt constrained by appellate review . . . is no basis for [an appellate] court to remand." *United States v. Guest*, 564 F.3d 777, 781 (6th Cir. 2009).

Pizzino fails to meet his evidentiary burden. First, the sentencing transcript provides no evidence that the court impermissibly treated the Guidelines as mandatory. In fact, much to the contrary, the court explicitly referenced their advisory nature. Nor does Pizzino show that the court wrongly presumed the Guidelines-recommended sentence reasonable. Admittedly, the court did say that it "tends to follow the [G]uidelines" and is "very reticent to depart from [them]." Yet it also

stated that it would sentence outside the Guidelines when "persuaded that those ranges are dramatically unfair and not supported by [§] 3553 and the factors in [§] 3553(a)." This is exactly what a sentencing court must do—use the Guidelines as "the starting point and the initial benchmark," *Gall*, 552 U.S. at 49, and then determine an appropriate sentence, "taking into account . . . the relevant § 3553(a) factors[] and any other nonfrivolous arguments presented in support of [that] sentence," *United States v. Wilms*, 495 F.3d 277, 282 (6th Cir. 2007).[5] The record does not indicate that the court treated the Guidelines as mandatory or presumptively reasonable.

3.

Pizzino also challenges the court for offering only a "cursory reference" to the relevant § 3553(a) factors during its colloquy. In sentencing a defendant, district courts must "tak[e] into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005). "While the district court need not explicitly reference each of the [§] 3553(a) factors, there must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006); *see also United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)

---

[5]Pizzino relies heavily on *Wilms*, in which this court vacated a defendant's sentence because "the record indicate[d] that the district court applied a rebuttable presumption that [the defendant] should be sentenced within the applicable Guidelines range." 495 F.3d at 278. *Wilms* is distinguishable. In that case, the district court erroneously claimed that "the [G]uidelines are presumptively reasonable" and required the parties to "overcome the presumption of reasonableness." *Id.* at 279 (internal quotation marks and citation omitted). In Pizzino's case, however, the court made no such remarks. Rather than requiring the parties to lobby for a sentence outside the Guidelines range, the court determined the appropriate sentence itself, based upon its consideration of the § 3553(a) factors.

("The court need not recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.")

Taken as a whole, the court's sentencing colloquy demonstrates that it considered the relevant sentencing factors. First, it recognized its duty to consider the factors when sentencing. And though the court did not list the § 3553(a) factors, it explained how the sentence reflected, among other things, the nature and circumstances of the offense, the seriousness of the offense, and the need to promote uniform sentencing. Together, these remarks affirmatively demonstrate that the court considered the § 3553(a) factors.

4.

In his final procedural challenge, Pizzino contests the court's treatment of his arguments for leniency. "[W]hen 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (citation omitted); *see also United States v. Pritchard*, 392 F. App'x 433, 438 (6th Cir. 2010) ("A sentence is procedurally unreasonable if the district court fails to address a nonfrivolous argument made by the defendant in support of a lower sentence."). Yet "a district court's failure to address each argument head-on will not lead to automatic vacatur." *United States v. Liou*, 491 F.3d 334, 339 n.4 (6th Cir. 2007). Instead, the crucial question is "whether '[t]he record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' [and] was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *United*

*States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc) (first alteration in original) (quoting *Rita*, 551 U.S. at 358).

In his presentencing memorandum, Pizzino presented several arguments for a lower sentence, including his limited criminal history, his low risk of recidivism, and the alternate sentences available. Pizzino supplemented the memo with a statement from his therapist, as well as the therapist's notes from Pizzino's sessions, all of which highlighted his progress and low risk of recidivism. Pizzino's attorney further emphasized these factors at the sentencing hearing.

This court has accepted arguments nearly identical to Pizzino's as nonfrivolous. *See, e.g.*, *United States v. Thomas*, 498 F.3d 336, 339–41 (6th Cir. 2007) (vacating defendant's sentence for court's failure to address defendant's arguments about his limited risk to the public, given his age and rehabilitative efforts); *Pritchard*, 392 F. App'x at 437–42 (vacating defendant's sentence for court's failure to address psychologist's testimony that defendant had a low risk of recidivism). Though the court indicated that it received and reviewed Pizzino's sentencing memorandum, it did not respond to his arguments in its colloquy. A district court's acknowlegement that it received and understood a defendant's sentencing memorandum does not fulfill its duty to respond to the defendant's nonfrivolous arguments, as such a "conclusory statement leaves [an appellate court] unsure as to whether the district court adequately considered and rejected [the defendant's] arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot [them]." *Thomas*, 498 F.3d at 341.

Prior to sentencing Pizzino, the court offered only the following comments about both sides' arguments for variance:

> [A]lthough I'm concerned, particularly in this instance given Mr. Pizzino's age[,] about the length of the sentence even after the reduction that I've granted the defense, I think that the resulting [G]uideline[s] range is a fair [G]uideline[s] range.
>
> It reflects the factors that [the prosecutor] indicated in terms of the nature of the defendant's conduct in this case, the frequency of it, the file sharing, [and] the nature of the depictions themselves.

While the court mentions the prosecutor's statements, absent is any reference to Pizzino's principal claims—in particular his therapist's opinion about his extensive rehabilitative efforts and his low risk of recidivism; the record does not "make clear" that the sentencing court listened to these arguments and considered the supporting evidence. *See Vonner*, 516 F.3d at 387. This omission constitutes procedural error.

## B. Alleged Substantive Unreasonableness

Pizzino challenges the substantive reasonableness of his sentence on two grounds: that the court afforded the Guidelines an unreasonable weight and that it imposed a sentence greater than necessary to comply with the purposes of § 3553.[6]

---

[6]Pizzino raises a third substantive attack on his sentence: that the court failed to consider the pertinent § 3553(a) factors. Yet this challenge essentially mirrors his procedural argument that the court failed to demonstrate that it considered the § 3553(a) factors and requires no separate analysis.

"This court applies a presumption of substantive reasonableness in reviewing sentences that are within the Guidelines range." *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). The presumption, however, "is not binding" and does not "insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case," *Rita*, 551 U.S. at 347; rather, it lacks "independent legal effect," and "simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable," *id*. at 350–51. Still, "[i]n general, we must give due deference to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors. The fact that [we] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Bolds*, 511 F.3d 568, 582 (6th Cir. 2007) (second alteration in original) (internal quotation marks and citations omitted).[7]

Pizzino first claims that the sentencing court afforded the Guidelines an unreasonable amount of weight. We ordinarily decline to suggest what weight the district courts must give to the

---

[7]Contrary to this authority, Pizzino posits that Guidelines-range sentences for child-pornography offenses "should not be accorded any indicia of reasonableness." *Rita*, which announced this presumption-of-reasonableness doctrine, noted that the Guidelines generally incorporate the Sentencing Commission's extensive empirical data, and thus "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." 551 U.S. at 350. The Guidelines' child-pornography sections, however, are not based upon empirical studies, but "congressional mandates." Several district courts have echoed Pizzino's reservations about these particular provisions. *See, e.g.*, *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1104 (N.D. Iowa 2009) ("U.S.S.G. § 2G2.2 . . . does not reflect empirical analysis, but congressional mandates that interfere with and undermine the work of the Sentencing Commission."). Nonetheless, *Rita*'s language is clear. The presumption of reasonableness attaches to *all* sentences within the Guidelines range; there is no "empirical evidence" prerequisite.

appropriate Guidelines range or to any other § 3553(a) factor. *See, e.g.*, *United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005). A district court does not necessarily commit reversible error by attaching great weight to any single factor, *Gall*, 552 U.S. at 56–57, but "[i]f a district court entirely discounted all but one [§] 3553(a) factor, then that court would presumably be giving an unreasonable amount of weight to that factor," *United States v. Thomas*, 395 F. App'x 168, 174 (6th Cir. 2010). Where "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an 'unreasonable amount of weight' to any particular one." *Id*.

Given our deference toward district courts' sentencing decisions, we hesitate to hold that the district court unreasonably weighed the § 3553(a) factors. As we concluded in our earlier discussion, the district court in this case did *not* entirely discount all but one § 3553(a) factor; its colloquy implicitly and explicitly referenced several. Nor does it appear that the court committed serious error such as relying on a clearly erroneous finding of fact or clearly misapplying the law. *See Nelson*, 296 F. App'x at 481. Though the court may have attached greater weight to the Guidelines than to other § 3553(a) factors, this action alone is not a reversible abuse of discretion. *See Gall*, 552 U.S. at 56–57.

Finally, Pizzino questions the substantive reasonableness of his sentence because, in his words, "the district court . . . impos[ed] a sentence which is greater than necessary to comply with the purposes of [18 U.S.C. § 3553]." Indeed, 18 U.S.C. § 3553(a) requires that a district court "impose a sentence sufficient, but not greater than necessary" to comply with its purposes.

Nonetheless, Pizzino conflates the district court's sentencing mandate with the appellate court's standard of review. *See Bolds*, 511 F.3d at 578 ("Reasonableness[—not parsimony—]is the standard *appellate* courts use to evaluate the district court's accomplishment of its sentencing task."). "[A defendant's] mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness." *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006). Moreover, Pizzino's position conflicts with precedent: "[W]hile district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the [G]uidelines, *they are certainly not required to do so*." *United States v. Mikowski*, 332 F. App'x 250, 256 (6th Cir. 2009) (emphasis added). Pizzino's final claim, which merely restates the language of 18 U.S.C. § 3553(a), provides no independent grounds upon which to challenge the reasonableness of his sentence on appeal.

## III. Conclusion

Finding that the district court abused its discretion in failing to consider Pizzino's nonfrivolous arguments for leniency, we vacate his sentence and remand for a resentencing that addresses them.