[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15682
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00018-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY M. DUFRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 17, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Terry DuFran appeals his sentence for receipt of child pornography, 18

U.S.C. § 2252A(a)(2)(A) and (b)(1). DuFran argues that the district court erred in

applying a two-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distribution of child pornography. For the reasons set forth below, we affirm.

I.

According to the presentence investigation report, DuFran was arrested following an investigation of peer-to-peer file sharing networks conducted by the North Florida Internet Crimes Against Children Task Force. In November 2009, a task force agent used specialized software to locate a computer offering to distribute child pornography. The same IP address had been recorded offering child pornography files for distribution between September 7, 2009, and February 3, 2010. The agent viewed one video and confirmed that it depicted child pornography.

Investigators eventually traced the IP address to DuFran's residence. Law enforcement officers executed a search warrant for the residence and recovered a laptop computer that contained numerous images of child pornography. DuFran admitted that the computer was his. He acknowledged that had installed a file-sharing program, FrostWire, on his computer, and had used that program to download images of child pornography. DuFran was aware that any images in the FrostWire "share folder" could be accessed by other computers running that program. He was surprised that the agents had found child pornography on the

2

computer because it was his standard practice to "wipe" the child pornography after he was finished viewing it.

In calculating DuFran's guideline range, the PSI imposed a two-level enhancement under § 2G2.2(b)(3)(F) for distribution of child pornography because DuFran had placed some of the contraband files on a file sharing network. DuFran objected to that enhancement, arguing that the evidence was insufficient to show that he intended to distribute child pornography. DuFran explained that he removed the child pornography images that he downloaded from the FrostWire program's share folder because he did not want to make those files available to others. He asserted that the mere presence of a file-sharing program on his computer was not enough to support the application of a distribution enhancement

The government responded that the evidence contradicted DuFran's assertion that he did not intend to distribute child pornography. The government noted that DuFran had installed file sharing software on his computer and was aware of how it worked. The government further observed that DuFran's IP address had been detected offering to distribute child pornography files between September 2009 and February 2010.

At the sentencing hearing, the district court overruled DuFran's objection to the distribution enhancement. The court observed that DuFran had used

3

peer-to-peer file sharing software to download and distribute images of child pornography. The court found by a preponderance of the evidence that DuFran was aware that the file sharing software would allow him to share images with other users. The district court sentenced DuFran to a term of 240 months' imprisonment.

II.

We review the district court's factual findings at sentencing for clear error, and the district court's application of the Sentencing Guidelines to those facts *de novo*. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009). The guideline for child pornography offenses calls for a two-level sentencing enhancement in cases where the defendant distributed child pornography. U.S.S.G. § 2G2.2(b)(3)(F). The application notes define distribution as

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2, comment. (n.1).

DuFran does not dispute that making files available over a file sharing network can constitute distribution, but he argues that the district court should not

have applied a distribution enhancement in his case because he did not intend to share the images of child pornography with others, and took an affirmative step to avoid doing so by removing the images from his computer's share folder. DuFran relies most heavily on the Eighth Circuit's decision in *United States v. Durham,* 618 F.3d 921 (8th Cir. 2010). In that case, a law enforcement officer discovered that Durham's IP address was offering to distribute child pornography files using the LimeWire file sharing program. *Id.* at 923. Durham argued that he should not have received a distribution enhancement because there was no evidence that he intended to make the child pornography available to others. *Id.* at 924-25.

Under the Eighth Circuit's case law, a defendant's intent to distribute could be inferred from the fact that the defendant had made the images available through a file sharing program, unless the defendant presented "concrete evidence of ignorance." *Id.* at 926-27 (citing *United States v. Dodd,* 598 F.3d 449 (8th Cir. 2010)). In other words, the defendant needed to come forward with some evidence showing that he did not know that he was making the files available to others. The Eighth Circuit concluded that Durham had presented such evidence in his case. *Durham*, 618 F.3d at 931-32. Specifically, Durham's brother had testified that Durham had not installed the LimeWire program and was not knowledgeable about the program. *Id.* at 928-29. Although Durham had utilized

LimeWire to download child pornography, there was nothing in the record to suggest that he was aware of the program's uploading capabilities. *Id.* at 929-32. Accordingly, the Eighth Circuit reversed Durham's two-level distribution enhancement. *Id.* at 932.

This case is distinguishable from *Durham* because DuFran installed the FrostWire program himself and was familiar with how it worked. Among other things, DuFran was aware that any files in the program's share folder could be downloaded by other computers connected to the file sharing network. Although DuFran explained that he normally deleted the files after viewing them, law enforcement officers detected his computer offering child pornography over the FrostWire network between September 7, 2009, and February 3, 2010. Thus, it appears that DuFran did, at some point, make child pornography available for distribution. Given DuFran's knowledge of FrostWire's file sharing capabilities, it was reasonable for the district court to determine that he made the files available intentionally. We conclude that the district court did not err by applying a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F).

Accordingly, after review of the record and the parties' briefs, we affirm DuFran's sentence.

**AFFIRMED.**