RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0015p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

           *v.*                                        No. 10-6555

TOMMY K. BOLTON,
                              *Defendant-Appellant.*

_____

Filed:  January 19, 2012

Before:  KEITH, GUY, and GIBBONS, Circuit Judges.

_____

**ORDER**

_____

Tommy K. Bolton appeals the seventy-two month prison sentence imposed following his guilty-plea conviction for knowing possession of child pornography transported via computer, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

At his guilty-plea hearing, Bolton agreed that the trial evidence would show that his laptop computer contained child pornography, which Bolton had downloaded using a peer-to-peer file-sharing program called Ares.  In calculating Bolton's imprisonment range under the Sentencing Guidelines, the Probation Office recommended, among other guideline enhancements, a two-level increase pursuant to § 2G2.2(b)(3)(F) based on Bolton's "distribution" of the images through Ares.  Most of Bolton's sentencing hearing was devoted to expert testimony addressed to Bolton's objection to this enhancement; Bolton contended that there was no evidence he *intended* to use Ares to distribute child

pornography. Following argument, the district court overruled Bolton's objection. The seventy-two month sentence imposed by the court, however, was well below the guidelines imprisonment range of 108 to 120 months. The court also sentenced Bolton to eight years of supervised release.

In this timely appeal, Bolton challenges the procedural reasonableness of his sentence, arguing that the district court misapplied USSG § 2G2.2(b)(3)(F) in imposing the two-level enhancement, insofar as the evidence was inadequate to show that he intended to distribute child pornography via Ares, the peer-to-peer program.

We review a sentence imposed by a district court for reasonableness. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Lanning*, 633 F.3d at 473. When reviewing a district court's sentencing determination for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or *improperly calculating*) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51 (emphasis added). Bolton does not explicitly challenge the substantive reasonableness of his sentence.

In arguing that the sentencing evidence was inadequate to prove that he intended to distribute child pornography under § 2G2.2(b)(3)(F), Bolton asserts that the district court concluded that his use of a file-sharing program was sufficient by itself to prove distribution. He contends that most courts that have addressed this matter have required that the government independently prove that the distribution was intentional or at least knowing.

The government responds that § 2G2.2(b)(3)(F) has no intent, knowledge, or any other mens rea requirement. The government stresses that some other subsections in § 2G2.2(b)(3) do include intent requirements, indicating that the Sentencing Commission "knew how to require a mens rea for a specific offense characteristic to apply." The

government maintains that, in any event, it proved Bolton's intent to distribute by a preponderance of the evidence, based on the "multiple . . . advisories that Ares was a file sharing program" and evidence showing that Bolton knew about file-sharing programs based on his installation of Ares on his own laptop and his removal of another file-sharing program, Limewire, from his girlfriend's laptop, after her daughter had installed it.

Section 2G2.2(b)(3) provides for a range of guideline enhancements for distribution of child pornography, such as for distribution for pecuniary gain or distribution to a minor. *See, e.g.*, § 2G2.2(b)(3)(A), (C). Section 2G2.2(b)(3)(F) requires a two-level increase for "[d]istribution other than distribution described in subdivisions (A) through (E)." The guideline defines "distribution" as follows:

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes *posting material involving the sexual exploitation of a minor on a website for public viewing* but does not include the mere solicitation of such material by a defendant.

§ 2G2.2, cmt. n.1 (emphasis added). We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Deitz*, 577 F.3d 672, 698 (6th Cir. 2009).

The district court's explanation for overruling Bolton's objection to the two-level enhancement was as follows:

> Well, you know, I think that there was a time, perhaps, of several years ago when I could say that – and I think I have said in cases that – that just simply having a peer-to-peer file sharing program on your computer didn't mean that you were intending to distribute, but I think that time has passed. I really do.
>
> I think that nowadays everybody knows that that's what these things are about. I think that there was evidence Mr. Bolton was familiar with LimeShare [sic] and he got LimeShare off the daughter's [sic] computer or something and used Ares instead. I think that people nowadays know that if they have these programs, they're sharing, even though it's difficult and you have to go through all the steps. It's just like Facebook.

> You've got to do a lot of things to, you know, to be secure.  When you don't do that, you're making all of your files, you're sharing your files.

We agree with Bolton that this explanation suggests that the court believed that Bolton's use of a file-sharing program, standing alone, was adequate to support the distribution enhancement.  However, the court's explanatory comments concerning Bolton's removal of a different file-sharing program from his girlfriend's computer and replacement of it with Ares also reflected a determination that Bolton knew how the programs worked.  The girlfriend, Karen Wallace, in fact testified that Bolton was aware that the programs "shared files."

We have not explicitly addressed § 2G2.2(b)(3)(F)'s applicability in a decision involving a conviction of *possession* of child pornography, and have done so only in two unpublished decisions in appeals from convictions for *distribution* of child pornography.  *See United States v. Pizzino*, 419 F. App'x 579, 582 (6th Cir. 2011); *United States v. Darway*, 255 F. App'x 68, 70 (6th Cir. 2007).  Emphasizing that the defendant in *Darway* had already pleaded guilty to distribution, we rejected  Darway's appeal of a § 2G2.2(b)(3)(F) increase, noting that "[s]everal courts have held that maintaining files in an accessible public folder constitutes distribution." *Darway*, 255 F. App'x at 71-72 (citing cases).  In *Pizzino*, we noted that the defendant had admitted that he acted "intentionally."  *Pizzino*, 419 F. App'x at 582.

At least two circuits appear to hold that the government may prove distribution merely by showing that the defendant knowingly used a peer-to-peer file-sharing program to download child pornography.  *See United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009) (possession conviction); *United States v. Carani*, 492 F.3d 867, 876 (7th Cir. 2007) (possession and receiving convictions).  Under this standard, the sentencing-hearing evidence was more than adequate to establish that Bolton knowingly used Ares to "distribute" child pornography.

Bolton relies heavily on an Eighth Circuit decision, *United States v. Durham*, 618 F.3d 921 (8th Cir. 2010), and other Eighth Circuit decisions, for the proposition that the "mere use of a peer-to-peer file-sharing network such as Ares . . . does *not* automatically

trigger application of § 2G2.2(b)(3)(F)'s distribution enhancement."  The Eighth Circuit's jurisprudence in this area, which the court in *Durham* discussed at length, is somewhat more nuanced than Bolton suggests.  It is true that the *Durham* court noted that it had repeatedly held that its cases did *not* call for automatic application of the § 2G2.2(b)(3)(F) enhancement whenever a defendant used a file-sharing program to download child pornography.  *See Durham*, 618 F.3d at 925-26, 931 (citing *United States v. Stults*, 575 F.3d 834, 848 (8th Cir. 2009), and *United States v. Ultsch*, 578 F.3d 827, 829-30 (8th Cir. 2009)).  Instead, application of the distribution enhancement must be decided on a "case-by-case basis."  *Id.* at 926 (citing *Ultsch*).  The *Durham* court observed that the Eighth Circuit had "significantly altered" its approach in *United States v. Dodd*, 598 F.3d 449 (8th Cir. 2010), *cert. denied*, 130 S. Ct. 3533 (2010), while acknowledging that the inquiry was still "fact-intensive."  *Durham*, 618 F.3d at 926-27 (citing *Dodd*, 598 F.3d at 451).  The *Dodd* court changed the approach by "impos[ing] a new standard whereby the file-sharing defendant must show 'concrete evidence of *ignorance*–evidence that is needed because ignorance is entirely counterintuitive'" where a file-sharing program is involved.  *Id.* at 927 (quoting *Dodd*, 598 F.3d at 452) (emphasis added).

The court in *Durham* sustained the defendant's challenge to a § 2G2.2(b)(3)(F) increase, noting that the defendant's brother testified that he, not Durham, had installed Limewire on Durham's computer and that Durham was not knowledgeable about the program.  *Id.* at 923, 928-29.  In addressing Durham's contentions, the Eighth Circuit ultimately concluded that "our case law inquires whether the defendant's 'use of the peer-to-peer file sharing network made the child-pornography files in his shared folder *available* to be searched and downloaded by other . . . users.'"  *Id.* at 928 (quoting *United States v. Estey*, 595 F.3d 836, 843 (8th Cir.), *cert. denied*, 130 S. Ct. 3342 (2010)) (emphasis in original).

In Bolton's case, in contrast, Bolton's girlfriend testified that Bolton not only installed Ares on his own laptop but removed a different file-sharing program from her laptop and replaced it with Ares.  She also testified that Bolton understood that Ares

"shared files" with other users.   We conclude that this evidence is adequate to distinguish Bolton's case from *Durham*.  It at least arguably refutes any claim by Bolton that he was ignorant of the fact that his use of a file-sharing program made the files he downloaded through the program "available" to be searched and downloaded by others. *See id.* at 928; *United States v. DuFran*, 430 F. App'x 855, 857 (11th Cir. 2011). Accordingly, we conclude that Bolton cannot prevail under the Eighth Circuit standard, either.

For the reasons discussed above, we affirm Bolton's conviction and sentence.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk