NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0754n.06

No. 11-5576

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )        ON APPEAL FROM THE UNITED
                                        )        STATES DISTRICT COURT FOR
v.                                      )        THE EASTERN DISTRICT OF
                                        )        TENNESSEE
JASON CRABTREE,                         )
                                        )
        Defendant-Appellant.            )


BEFORE:  NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.


PER CURIAM.  Jason Crabtree appeals the district court's sentence.

Crabtree pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  His role in the conspiracy was to procure certain ingredients necessary to make the methamphetamine, including pseudoephedrine.  At the sentencing hearing, a special agent from the Drug Enforcement Administration testified that Crabtree procured 149.76 grams of pseudoephedrine in furtherance of the conspiracy, that the actual yield of the methamphetamine manufacturing process is approximately 70 percent, and that the resulting substance is approximately 80 percent pure methamphetamine.  The district court found that Crabtree was responsible for 149.76 grams of pseudoephedrine and, based on the percentages discussed by the special agent, that Crabtree was responsible for approximately 105 grams of a mixture or substance containing methamphetamine and 84 grams of actual methamphetamine. Relying on those findings, the district court concluded that Crabtree's base offense level was 32, regardless of whether

it was calculated by converting the pseudoephedrine to its marijuana equivalent or by considering the amount of actual methamphetamine that would be produced from the pseudoephedrine. The court subtracted three levels from Crabtree's base offense level for acceptance of responsibility. Based on the total offense level of 29 and a criminal history category of IV, the district court determined that Crabtree's guidelines range of imprisonment was 121 to 151 months. It sentenced him to 121 months in prison.

On appeal, Crabtree asserts that the district court's sentence was improper in two respects: (1) the court erred by calculating his base offense level using the guideline for actual methamphetamine instead of the guideline for a mixture or substance containing methamphetamine; and (2) the sentence was procedurally unreasonable because using the guideline for actual methamphetamine to calculate his base offense level resulted in a disparity between Crabtree's sentence and the sentences of similarly-situated defendants. "We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error." *United States v. Bolton*, 669 F.3d 780, 782 (6th Cir. 2012).

The district court did not err in calculating Crabtree's base offense level and his resulting guidelines range. Initially, we note that the district court properly calculated Crabtree's base offense level by converting the amount of pseudoephedrine attributable to him into its marijuana equivalent. *See* USSG § 2D1.1(c)(4) & comment. (n.10(A), (E)). Further, to the extent that the district court determined Crabtree's base offense level using the guideline for actual methamphetamine under § 2D1.1(c)(4), rather than the guideline for a mixture or substance containing methamphetamine under § 2D1.1(c)(7), it did so properly because use of the actual methamphetamine guideline resulted in a higher offense level. *See* USSG § 2D1.1(c), Notes to Drug Quantity Table, Note B. Because the district court properly calculated Crabtree's base offense level and his resulting guidelines range,

there was no unwarranted disparity between his sentence and the sentences of similarly-situated defendants.

Accordingly, we affirm the district court's sentence.