**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1057n.06

No. 11-2185

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Oct 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROBERT M. PIZZINO, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GUY, DAUGHTREY, and STRANCH, Circuit Judges.

PER CURIAM:  Robert M. Pizzino, a federal prisoner, appeals the sentence the district court imposed on remand following Pizzino's guilty plea to a charge of distribution of child pornography.

The district court initially imposed a sentence of 180 months of imprisonment in 2009.  On appeal, we vacated the sentence for procedural error because the district court did not expressly address Pizzino's non-frivolous arguments for leniency, including a limited criminal history, extensive rehabilitative efforts, and a low risk of recidivism.  *United States v. Pizzino*, 419 F. App'x 579, 584–85 (6th Cir. 2011).

On remand, the district court conducted a new sentencing hearing and addressed each of Pizzino's asserted grounds for leniency.  We review the reasonableness of a criminal sentence under an abuse-of-discretion standard.  *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008).

With regard to criminal history, the district court noted that the only conviction on Pizzino's criminal record stemmed from a contemporaneous prosecution of Pizzino in state court for engaging

in repetitive sexual contact with the minor daughter of a neighbor. On defense counsel's request that the federal and state courts coordinate the sentences on the child pornography and sexual contact offenses, the district court contacted the state court judge and reached an agreement whereby the district court sentenced Pizzino first so that only one criminal history point was assigned to Pizzino's state conviction. In addition, the state court judge imposed a sentence on the sexual contact charge to run concurrently with the federal sentence. Thus, not only did the district court take Pizzino's criminal history into account at sentencing, but the court actively took steps to mitigate the effect of Pizzino's state conviction on his federal sentencing. Further, the district court showed leniency in sentencing when it declined to impose a five-level enhancement to the base offense level under U.S.S.G. § 2G2.2(b)(5) for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor[.]" Because the state prosecuted Pizzino for sexually abusing the minor, the district court decided that it would be unfair to increase Pizzino's federal sentence based on the same conduct. These efforts to show Pizzino leniency do not approach procedural or substantive error in sentencing.[1]

---

[1]At the re-sentencing hearing, the district court observed that Pizzino's guideline range would have climbed much higher, from 262 to 327 months as calculated by the probation officer, to 292 to 365 months, if the district court had not coordinated the federal and state sentences so that Pizzino's federal criminal history category remained at I instead of II. The court's statement was incorrect because it did not take into account the effect of the statutory maximum sentence for Pizzino's crime, which was 20 years, or 240 months.

The probation officer acknowledged in the Presentence Report that the minimum of the calculated guideline range of 262 to 327 months exceeded the statutory maximum sentence of 240 months. PSR ¶ 57. Therefore, under U.S.S.G. § 5G1.1(a), the statutory maximum sentence became the guideline sentence. Any upward change in the criminal history category would have had no effect because the guideline sentence could not have exceeded 240 months.

Pizzino claims that the court's statements amount to reversible error, relying on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). Pizzino did not preserve this error by objecting in the district court, so we review only for plain error and find none. *See id.* at 179.

With regard to Pizzino's efforts at rehabilitation and his risk of recidivism, the district court explained what it knew and considered at the time of the initial sentencing. The court stated that it knew Pizzino sought sex offender treatment after his arrest on the child pornography charge. The court considered a written report submitted by Pizzino's therapist. Although Pizzino attended numerous therapy sessions, the court placed greater weight on the fact that Pizzino did not seek treatment until after he was arrested and faced criminal prosecution. The court also did not accept the therapist's opinion that Pizzino posed a low risk of recidivism because the court knew that Pizzino had engaged in sexual contact with a minor female in addition to distributing child pornography.

At the re-sentencing hearing, the district court heard Pizzino's therapist testify. The court engaged in an extensive dialogue with the witness, but ultimately remained firm in the decision to reject the therapist's opinion that Pizzino posed a low risk of recidivism. The court found that Pizzino's manipulative and repetitive sexual assault of the minor female presented a clearer

---

In *Dorvee*, the district court, like the court here, labored under the misconception that the guideline range was either 262 to 327 months or 292 to 365 months, even though the statutory maximum of 240 months was the guideline sentence under § 5G1.1(a). But in *Dorvee*, the district court treated the imposed sentence of 233 months (240 months less credit for time served) as a more lenient below-guidelines sentence, when in fact it was a not. The situation before us is different. The district court did not sentence Pizzino to 240 months and treat it as a below-guidelines sentence. Rather, the court declined to impose the five-level enhancement under § 2G2.2(b)(5) that was recommended by the probation officer and accordingly lowered the applicable guideline range to 151 to 188 months. The court then imposed a within-guidelines sentence of 180 months. As the district court pointed out, if the court had imposed the five-level enhancement, Pizzino would have faced a sentence of 240 months, 60 months higher than the actual sentence of 180 months. In this respect, the district court did show Pizzino leniency. Thus, we find no plain error requiring reversal on this issue.

indication of the future risk of harm Pizzino likely posed than did the opinion of Pizzino's therapist.

Having reviewed the record thoroughly, we do not find any procedural or substantive error in the

district court's consideration of Pizzino's rehabilitative efforts or the opinion of Pizzino's therapist.

We rejected in the earlier appeal Pizzino's argument that the sentencing guidelines for child

pornography offenses should not be presumed reasonable. Our prior opinion states the law of the

case. *See United States v. Walls*, 546 F.3d 728, 740 (6th Cir. 2008).

Finally, Pizzino argues that the district court accorded too much weight to the sentencing

factor of protecting the public, while other sentencing factors counseling leniency were ignored.

Having reviewed the sentencing transcript, we conclude that the district court adequately considered

the § 3553(a) sentencing factors and gave ample reasons for rejecting Pizzino's arguments for further

leniency. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007).

Finding no abuse of discretion, we affirm the district court's judgment.