NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0051n.06

Case No. 24-1350

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 29, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| DENNIS EPPS, | ) ) | |
| Defendant - Appellant. | ) ) | OPINION |

BEFORE: THAPAR, NALBANDIAN, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** The district court denied Dennis Epps's sentence-reduction motion brought under 18 U.S.C. § 3582(c)(2). Epps appeals that denial, arguing it was procedurally and substantively unreasonable. We affirm.

## I. Background

Epps pled guilty to conspiring to possess cocaine and heroin with intent to distribute in violation of 21 U.S.C. § 846. In Epps's plea agreement, the parties agreed that an appropriate disposition would be a sentence of 120 to 180 months' imprisonment.

At sentencing, the district court calculated a sentencing range of 151 to 188 months' imprisonment under the Sentencing Guidelines. The district court also accepted the plea agreement, albeit "with some reluctance." Among other things, the court noted that it "c[ould]n't overlook" the fact that the conspiracy involved the murders of two victims, one of whom owed money over drugs. Specifically, Epps traveled with his co-conspirators to the victims' residence to collect the drug debt. Epps's co-conspirators shot the victims to death in a basement while Epps

was nearby. Although Epps was not charged with these murders, the court found it was "very hard . . . to understand" why Epps "stayed involved in th[e] drug trafficking organization" even after the killings occurred. The court imposed a sentence of 180 months' imprisonment, the maximum sentence within the range provided in the plea agreement.

Less than a year after Epps was sentenced, the U.S. Sentencing Commission adopted Amendment 821, which eliminated criminal-history "status points" for certain defendants. *See* U.S. Sent'g Guidelines Manual supp. to app. C, amend. 821 (U.S. Sent'g Comm'n 2023). This Amendment, which applied retroactively, reduced Epps's criminal-history category. The Probation Office filed a report, finding that Epps was eligible for a sentence reduction. With the reduced criminal-history category, Epps's new guidelines range was 135 to 168 months.

Epps moved under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence to 160 months. The government opposed any reduction. In a written order, the district court denied the motion and kept Epps's sentence at 180 months, even though the top of the reduced guideline range was 168 months. The district court's order raised concerns about the murders discussed at the initial sentencing hearing and concluded that a reduction would result in an insufficient sentence, considering the nature and circumstances of the offense. The court also found that a reduction would fail to advance the goals of protecting the public and affording adequate deterrence.

Epps now appeals.

## II. Standard of Review

In a § 3582(c)(2) proceeding, the district court engages in a two-step inquiry to determine whether to reduce a defendant's sentence based on a retroactive guidelines amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). First, the district court must determine whether a defendant is eligible for a

sentence modification under U.S.S.G. § 1B1.10. *Id.* Everyone in this case agrees Epps was eligible for a reduction. Second, if a defendant is eligible, the court must determine whether a reduction is warranted by considering the sentencing factors listed in 18 U.S.C. § 3553(a). *Id.*

Where, as here, a defendant challenges the district court's decision to deny a reduction under the second step of the inquiry, we apply a deferential abuse-of-discretion standard. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010) (citing *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009)). The district court abuses its discretion "when it relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *Id.*

### III. Analysis

Epps argues that the district court abused its discretion because the denial of his sentence-reduction motion was procedurally and substantively unreasonable.[1] We disagree.

### A. Jurisdiction

Before turning to the merits, we first address whether we have jurisdiction over this appeal. Generally, circuit courts have jurisdiction to review "all final decisions" of the district courts. 28 U.S.C. § 1291. However, for appeals arising out of § 3582(c)(2) motions, "a complication exists." *United States v. Smithers*, 960 F.3d 339, 343 (6th Cir. 2020). A separate statute permits a defendant to appeal "an otherwise final sentence" only in limited circumstances. 18 U.S.C. § 3742(a). We have suggested that § 3742(a) governs appeals from denials of § 3582(c)(2) motions. *See Smithers*, 960 F.3d at 343 (citing *United States v. Bowers*, 615 F.3d 715, 720-22 (6th Cir. 2010)). But we have also clarified that § 3742(a) sets forth a mandatory claim-processing rule that imposes a non-jurisdictional limit on our review authority, rather than a jurisdictional

---

[1] Although Epps does not explicitly label his arguments as procedural and substantive reasonableness challenges, we construe them as such for the reasons recited in this opinion.

exception to our otherwise broad jurisdiction under § 1291. *Id.* at 344 (citing *United States v. Marshall*, 954 F.3d 823, 825-29 (6th Cir. 2020)). This means that any objection on the basis of § 3742(a) to this court's exercise of its appellate jurisdiction is waivable and forfeitable. *Id.*; *see also United States v. Begley*, No. 21-5760, 2023 WL 2991868, at *1-2 (6th Cir. Apr. 18, 2023). Here, the government raises no such objection. Therefore, we deem the argument forfeited and consider Epps's reasonableness challenges.

### B. Procedural Reasonableness

We first consider Epps's procedural-reasonableness challenge. Procedural reasonableness is a limited inquiry; we ask only whether the district court committed a "significant procedural error," such as disregarding factors under 18 U.S.C. § 3553(a), failing to adequately explain a chosen sentence, or basing a sentence on clearly erroneous facts. *United States v. Bolton*, 669 F.3d 780, 781 (6th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Epps argues that, in denying his sentence-reduction motion, the district court "overlooked" two factors: the nature and circumstances of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1), and the applicable guidelines range, *id.* § 3553(a)(4). Regarding the first factor, Epps argues that the district court did not consider the limited extent of his involvement in the conspiracy, including the fact that he was not directly responsible for the murders of the two victims. Epps also emphasizes other facts favorable to him, such as his acceptance of responsibility; his limited prior criminal history; a lower recidivism risk given his age; the fact that he contracted the COVID-19 virus during pretrial detention; and his employment history. Regarding the second factor, Epps argues that, by imposing an above-guidelines sentence, the district court did not properly consider his lowered guidelines range.

The record, however, shows no abuse of discretion on the district court's part. The court's order explicitly acknowledged that Epps was not charged with the two murders. Likewise, the court's order addressed essentially all of the facts that Epps claims the district court overlooked, including his reduced guidelines range. The only fact that the court's order did not expressly weigh is Epps's limited prior criminal history. However, the district court already considered this fact at the initial sentencing. Given that a § 3582(c)(2) proceeding is not a plenary resentencing, this lack of specificity alone does not rise to the level of procedural unreasonableness. *See United States v. Curry*, 606 F.3d 323, 330-31 (6th Cir. 2010).

Epps also argues that the court "provided no explanation" for maintaining his original sentence. But again, the record demonstrates otherwise. The order denying Epps's motion identified the specific reasons for maintaining the original sentence through references to the initial sentencing transcript. *Cf. Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018) (noting that, because sentence modification is not a plenary resentencing proceeding, "[w]e . . . need not turn a blind eye to what the judge said at [the defendant's] initial sentencing"). At that initial hearing, the court emphasized that Epps was involved in an "extremely serious" drug trafficking scheme "that resulted in two people being killed." The court also pointed out that, even if Epps was not directly responsible for those killings, they were still "part of the overall conspiracy" in which Epps partook. Further, the district court found it concerning that Epps chose to "stay[] involved in th[e] drug trafficking organization" even after those murders, "instead of doing something . . . to rectify and to make up for such a horrible thing." The order denying Epps's motion reiterated that these concerns were "[t]he reason" the district court "had trouble accepting" the plea agreement in the first place. That plea agreement capped Epps's sentence at 180 months—the sentence that he now challenges.

In sum, the record demonstrates that the district court neither overlooked the § 3553(a) factors nor failed to adequately explain its decision to maintain Epps's original sentence. Accordingly, we reject Epps's procedural-reasonableness challenge.

## C. Substantive Reasonableness

Next, we consider Epps's substantive-reasonableness challenge. Epps argues that the 12-month upward variance lacks "a sufficiently compelling justification." We construe this argument as a substantive-reasonableness challenge to the extent that Epps challenges the sentence's length. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) ("A claim that a sentence is substantively unreasonable is a claim that a sentence is too long.").

A sentence is substantively reasonable "if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015) (quoting *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015)). In contrast, "[a] sentence is substantively unreasonable 'when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *United States v. Fields*, 763 F.3d 443, 455 (6th Cir. 2014)). Moreover, a sentence above the guidelines range "is not per se or even presumptively unreasonable." *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019) (quoting *United States v. Borho*, 485 F.3d 904, 912 (6th Cir. 2007)). It is the defendant's burden to show that his sentence is substantively unreasonable. *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011) (citing *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008)).

Epps fails to meet that burden. He relies on two cases in which we reversed an above-guidelines sentence as substantively unreasonable. But neither case supports his position. First,

in reversing the sentence in *United States v. Perez-Rodriguez*, we gave "closer review" to the district court's application of a 71% upward variance to a "mine-run case" of illegal reentry. 960 F.3d 748, 752, 755 (6th Cir. 2020). We noted that such review was necessary "to avoid unfair disparities with the typical case." *Id.* at 754 (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). In contrast, the upward variance here constitutes a 7.1% increase from the top of Epps's reduced guideline range, exactly one-tenth the variance in *Perez-Rodriguez*. Even more importantly, the district court made clear at sentencing, and again in its order denying Epps's motion, that Epps's drug conspiracy was far from typical given the murders and his continued trafficking activity following them. Epps does not (and could not) argue that his case is a mine-run case like *Perez-Rodriguez* that deserves similarly heightened review.

Second, *United States v. Lee*, 974 F.3d 670 (6th Cir. 2020), is likewise inapposite. *Lee* reaffirmed that, where the district court upwardly varies based on the defendant's prior criminal history, there must be sufficient similarity between the defendant's prior convictions and the instant offense that "demonstrate[s] a need for deterrence beyond that already captured by the guidelines." 974 F.3d at 678. But here, Epps's prior criminal history was not what drove the court's decision to impose an above-guidelines sentence. In fact, the district court acknowledged that Epps had a "relatively law-abiding life" prior to the instant offense.

Accordingly, we also reject Epps's substantive-reasonableness challenge.

## IV. Conclusion

For these reasons, we affirm.