FILED
United States Court of Appeals
Tenth Circuit

July 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GEORGE BRYAN WALTERS,

Defendant-Appellant.

No. 12-6073

(W.D. of Okla.)

(D.C. Nos. 5:11-CV-01388-C and 5:10-CR-00247-C-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

George Bryan Walters, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255 petition for post-conviction relief. Walters alleges his trial counsel was constitutionally ineffective in advising him to enter a guilty plea and that the government breached his plea agreement. We DENY Walters's application for a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Walters was arrested in 2010 after an FBI agent downloaded images of child pornography from his computer via a file-sharing network. Walters agreed to plead guilty to a charge of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and agreed to allow the FBI to use his online identity to investigate other suspected traffickers in child pornography. In exchange, the prosecutor assigned to his case agreed not to charge him with several more serious child pornography offenses, including distribution. He was sentenced to 120 months in prison followed by 60 months of supervised release.

Soon after he was sentenced, Walters filed a § 2255 motion seeking to vacate, set aside, or correct his sentence. He argues his trial counsel was constitutionally ineffective for failing to advise him of all relevant facts and circumstances surrounding his guilty plea and for failing to object to the application of several enhancements to his sentence. He also claims the government breached the plea agreement when it sought these enhancements.[1]

---

[1] Walters's plea agreement was not included in the appellate record. Nonetheless, we have authority to review it because we may take judicial notice of public records, including district court filings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of district court record that was not part of the record on appeal). Walters's plea agreement is in the district court record for his original criminal case. *United States v. Walters*, No. 5:10-CR-00247-C-1 (W.D. Okla. Dec. 9, 2010). We hereby sua sponte supplement the appellate record with this agreement.

The district court denied Walters's motion, finding his counsel's performance was not deficient under the test laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). The court also denied Walters's motion to proceed *in forma pauperis* on appeal. The court did not rule on whether Walters would receive a COA.

## II. Discussion

A prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2255 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). The district court did not issue Walters a COA, nor has he requested one from this court. Because Walters is proceeding pro se, we construe his filings liberally. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Accordingly, we construe his notice of appeal as a request for a COA. *See* Fed. R. App. P. 22(b)(2).

Before granting a COA, we must conclude Walters "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Walters bears the burden of demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Walters does not meet this burden.

### A. *Ineffective Assistance*

To prevail on his claim of ineffective assistance of counsel, Walters must show by a preponderance of the evidence that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 688, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. In analyzing the first prong, we apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

As for the second prong, a defendant raising an ineffective assistance claim related to a plea agreement must show that, but for his counsel's deficient performance, he would not have pleaded guilty and would have instead proceeded to trial. *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (quotation omitted). This requires that we examine the circumstances surrounding the defendant's plea to determine the likelihood that had counsel not committed the error, the defendant would not have pleaded guilty. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Walters first raises a variety of arguments which tend to allege his counsel failed to fully inform him of the consequences of his plea agreement. He claims his attorney incorrectly informed him the government would not use against him

any information it obtained after April 9, 2010, and that he would likely receive an 18-to-24-month sentence under the agreement.[2]

These arguments are unpersuasive. Even if we assume, *arguendo*, that Walters's counsel deficiently misinformed his client of the consequences of his guilty plea, Walters cannot establish prejudice because we find it unlikely that he would have rejected the government's offer and proceeded to trial but for this deficient performance. Walters does not argue the evidence against him was weak, or that his counsel failed to uncover exculpatory evidence, move to suppress evidence, or take a similar action that would have affected his chances at trial. Thus, it is unlikely Walters would have chosen to proceed to trial even if his counsel had fully informed him of the potential sentence he faced.

This conclusion is bolstered by the fact that the plea agreement Walters's counsel negotiated substantially reduced his client's potential sentence. Walters faced charges of both possession and distribution of child pornography. The latter carried a maximum sentence of 240 months. The plea bargain reduced his maximum penalty by 50%—to 120 months. Walters's pre-sentence report established a guideline range of 135 to 168 months, so it is likely the agreement reduced his sentence by 15 to 48 months. Walters does not allege different

---

[2] Walters also asserts for the first time on appeal that he has "demented intellectual skills," which presumably made it difficult for him to understand the plea agreement. Aplt. Br. at 3. He provides no support for this claim in the form of a psychiatric or medical diagnosis, and we will not credit it.

counsel could have obtained a better deal, nor do we find it likely Walters would have chosen to proceed to trial had he fully understood the sentence he faced under the agreement. As the district court found, the fact that the plea agreement his counsel arranged helped him avoid a much longer prison sentence makes it very unlikely he would have rejected the agreement and proceeded to trial but for his counsel's deficient performance.

Walters's second argument is that his trial counsel was deficient for failing to the application of several sentence enhancements. Walters claims these enhancements were imposed in violation of his plea agreement, as they were based on information obtained after April 9, 2010.

This argument is also unpersuasive. As we discuss below, the government did not breach its plea agreement with Walters, either by using information it obtained after April 9, 2010 or by seeking various enhancements to his sentence. Thus, his counsel was not deficient for failing to object on this basis.

Walters also does not establish his counsel was deficient for failing to object to these enhancements on the basis that they were inapplicable. He has not shown any of the enhancements he objects to were improperly applied. He failed to argue below that a five-level distribution enhancement under United States Sentencing Guideline (USSG) § 2G2.2(b)(3)(B) for distribution of child pornography in expectation of a thing of value was improperly applied. We generally do not consider arguments raised for the first time on appeal. *United*

*States v. Denogean*, 79 F.3d 1010, 1012 (10th Cir. 1996). We may do so in the case of a plain error, but this exception is to be used sparingly, and only where a miscarriage of justice would otherwise result. *Id.* A plain error results when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (internal quotation omitted).

The district court did not plainly err by imposing this enhancement. Walters argues it should not apply because he pleaded guilty to possessing, not distributing, child pornography. But we have previously applied this enhancement to defendants who pleaded guilty only to possession. *See United States v. Geiner*, 498 F.3d 1104, 1108–09 (10th Cir. 2007).

Walters further argues the enhancement should not apply because there was no evidence he expected to receive a thing of value in exchange for posting his illicit images to be downloaded. *Geiner* held that use of a peer-to-peer file-sharing network does not automatically support enhancement under USSG § 2G2.2(b)(3)(B) without additional evidence, such as evidence a defendant expected to receive some benefit in exchange for sharing files. *Id.* at 1111–12. *Geiner* found that sharing files to receive enhanced download speeds was sufficient evidence to support the enhancement. *Id.* Since *Geiner*, some circuits have found the technical savvy of a defendant, who understands his use of a file-

sharing network means other users can download files from his computer, is sufficient additional evidence to support this enhancement. *See, e.g., United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009); *United States v. Bolton*, 669 F.3d 780, 783 (6th Cir. 2012). Walters, an information technology administrator for the Federal Aviation Administration who owned several computers and other electronic devices, was clearly technically savvy and understood the implications of using file-sharing software. We have not held such circumstantial evidence is sufficient under *Geiner* to support imposition of the § 2G2.2(b)(3)(B) enhancement, but we have not held it is insufficient, either. Thus, the district court's imposition of this enhancement, even if it was error, was not plain.

As for the other enhancements, Walters's arguments are without merit. He claims a two-level enhancement for images depicting children under 12 applies only to distribution offenses. *United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) (discussing USSG § 2G2.2(b)(2)). But although *Pearl* cites § 2G2.2(b)(2), it clearly intended to refer to § 2G2.2(b)(3), as it discusses a five-level enhancement for distribution. He also claims a four-level enhancement for images depicting sadistic or violent conduct, § 2G2.2(b)(4), should not apply because he did not seek out this material, but this enhancement applies regardless of whether the defendant sought out these images. USSG § 2G2.2, cmt. n.2. His only argument regarding a five-level enhancement for possession of 600 or more images, § 2G2.2(b)(7)(D), is that the government breached its plea agreement by

-8-

seeking it because this quantity of images was discovered after April 9, 2010.  As we discuss below, this argument is unpersuasive.

Because Walters cannot show that these enhancements do not apply to him, he cannot establish that his counsel was deficient for failing to object to their application.  Walters thus fails to overcome the strong presumption that his counsel's performance fell within the wide range of reasonable professional assistance.

## B. Breach of Agreement

Walters's second claim is that the government breached the plea agreement it made with him by using information obtained after April 9, 2010 to seek several sentence enhancements.  We review de novo the question of whether the government has breached a plea agreement, even when the defendant fails to preserve this objection.  *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007).  We apply general principles of contract law to determine the scope of the government's obligations under the agreement.  *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003).  Thus, we examine the express language in the agreement to identify the nature of the government's promise and the defendant's reasonable understanding of this promise.  *United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199 (10th Cir. 1997).  We construe any ambiguities against the government, as the drafting party, and examine the record as a whole to determine whether the government kept its promise.  *VanDam*, 493 F.3d at 1199.

The government told Walters on April 9, 2010, that if he cooperated in its investigation, it would not use additional information it obtained in its case-in-chief against him. But it also told him this was not a plea agreement. When Walters later agreed to plead guilty, his plea agreement specifically stated that it superseded any earlier promises or agreements made by the government. And when Walters entered his guilty plea, he informed the court he understood his plea agreement superseded any earlier promises made by any government official. That agreement stated that the government would cease actively investigating Walters upon execution of the agreement, but could still inform the court of any information it obtained after that date, as well as seek sentence enhancements. We find these provisions clear and unambiguous.

Thus, the government did not breach its agreement with Walters by seeking to enhance his sentence, even if it did so using information it obtained after April 9, 2010.

## III. Conclusion

For the foregoing reasons, we DENY Walters's request for a COA and DISMISS his appeal. We also DENY Walters's motion to proceed *in forma pauperis* on appeal, his motion for relief from judgement, and his motion to hold

his petition in abeyance.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge