FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE BRYAN WALTERS,

Defendant - Appellant.

No. 12-6320
(D.C. Nos. 5:11-CV-01388-C and
5:10-CR-00247-C-1)
(W.D. Okla.)

## ORDER

Before **BRISCOE**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant George Walters seeks a certificate of appealability ("COA"),

see 28 U.S.C. § 2253(c), so he can appeal the district court's denial of a Fed. R. Civ. P.

60(b) motion.  Because Walters's notice of appeal was untimely, we lack jurisdiction to

consider his COA request.  We, therefore, DISMISS this appeal.[1]

## I.  Background

Walters pled guilty to one count of possessing child pornography, in violation of

18 U.S.C. § 2252A(a)(5)(B).  Walters did not file a direct appeal, but he did challenge his

---

[1] We GRANT Walters's motion to proceed on appeal in forma pauperis.  See 28 U.S.C.
§ 1915; see also Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008) (granting motion
to proceed in forma pauperis even though the court dismissed the appeal for lack of
jurisdiction).

conviction and sentence in a 28 U.S.C. § 2255 motion. The district court denied Walters

§ 2255 relief, and this court denied him a COA to challenge that determination on appeal,

see United States v. Walters, 492 F. App'x 900, 901 (10th Cir. 2012) (unpublished).

Thereafter Walters filed a Fed. R. Civ. P. 60(b) motion, again challenging his conviction

and sentence. The district court denied that motion. Several weeks later, Walters filed a

second Rule 60(b) motion, which the district court again denied. Here, Walters seeks a

COA to appeal the district court's denial of his second Rule 60(b) motion.

## II. Analysis

In order for this court to have jurisdiction to consider Walters's COA request, he

had to file a notice of appeal within sixty days after the district court entered its order

denying Walters's second Rule 60(b) motion. See Fed. R. App. P. 4(a)(1)(B)(i);

Watkins, 543 F.3d at 625-27. See generally Bowles v. Russell, 551 U.S. 205, 214 (2007)

("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Walters failed to do so.

The district court denied the Rule 60(b) motion at issue here on October 17, 2012.

The district court received Walters's notice of appeal on December 19, 2012, two days

late. Because he is incarcerated, however, Walters could benefit from the prison mailbox

rule, Fed. R. App. P. 4(c)(1), which provides that a notice of appeal

> is timely if it is deposited in the institution's internal mail system on or
> before the last day for filing. If an institution has a system designed for legal
> mail, the inmate must use that system to receive the benefit of this rule.
> Timely filing may be shown by a declaration in compliance with 28 U.S.C.
> § 1746 or by a notarized statement, either of which must set forth the date of

deposit and state that first class postage has been prepaid.

In response to this Court's jurisdictional inquiry, Walters, who bears the burden of establishing this Court's jurisdiction, see United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004), submitted a document entitled "certificate of service." In that document, Walters indicated that he had timely deposited his notice of appeal in the prison's "internal mail system" on December 14, 2012, with prepaid postage. Assuming that the prison did not have a "system designed for legal mail," Rule 4(c)(1) additionally required Walters to document that he deposited his notice of appeal in the prison's internal mail system by submitting "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." See Ceballos-Martinez, 387 F.3d at 1144-45. But Walters's "certificate of service" was not notarized. Nor did it comply with 28 U.S.C. § 1746 because it was not made under "penalty of perjury." See Price v. Philpot, 420 F.3d 1158, 1165 n.6, 1166-67 (10th Cir. 2005).

Walters's "certificate of service," therefore, does not satisfy Fed. R. App. P. 4(c)(1)'s requirements. Without benefit of that rule, his notice of appeal is untimely. We, therefore, lack jurisdiction to consider Walters's request for a COA.

Even if we had jurisdiction to consider that COA request, however, we would not grant Walters a COA or other relief. We are convinced that the district court has thoroughly considered all of Walters's challenges to his conviction and sentence, and that Walters's claims do not entitle him to relief.

3

### III.  Conclusion

Because Walters's notice of appeal was untimely, we DISMISS this appeal for lack of appellate jurisdiction.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

4